# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARCIA MOGAVERO,

        Petitioner,

  v.

STATE OF NEVADA, et al.,

        Respondents.

Case No. 2:18-cv-01395-GMN-NJK

**ORDER**

Petitioner has paid the filing fee. The court has reviewed her petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court dismisses ground 3 of the petition because it is without merit on its face. The court will serve the petition upon respondents for a response, but the court notes that the petition appears to be both untimely and unexhausted.

According to petitioner, on October 2, 2013, the state district court convicted her of one count of neglect of an older person resulting in death and one count of child abuse and/or neglect. Petitioner did not appeal the judgment of conviction. Petitioner also did not file a post-conviction habeas corpus petition in the state district court. Petitioner did file a motion to extend the time to file a post-conviction petition on September 22, 2014. The state district court denied the motion on January 5, 2015. Petitioner did not appeal that decision. Petitioner mailed the current petition to this court on July 24, 2018.

The petition appears to be untimely. Petitioner had one year from the date that the judgment of conviction became final to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Time spent on a state post-conviction petition does not count toward that year. 28 U.S.C. § 2244(d)(2). Even if petitioner's motion to extend the time to file a state habeas corpus petition qualifies under § 2244(d)(2), the one-year period expired years before petitioner mailed her federal petition to this court.

The petition also appears to be unexhausted. Petitioner must exhaust all of her available state-court remedies. 28 U.S.C. § 2254(b). However, it appears that petitioner did not appeal the judgment of conviction, did not file a state post-conviction habeas corpus petition, and, even if she did file that petition, did not appeal the denial of that petition. Petitioner has never given the Nevada Supreme Court or the Nevada Court of Appeals the opportunity to rule upon her claims.

Nonetheless, the court will serve the petition upon respondents for a response. The court does not have enough of the state-court record to determine with certainty whether the petition actually is untimely or unexhausted. Respondents may move to dismiss the petition because it is untimely or unexhausted.

Ground 3 is without merit on its face. In ground 3, petitioner claims that the state district court abused its discretion in denying the motion to extend the time to file a state post-conviction habeas corpus petition. This is a claim of error in state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 3.

Petitioner has filed a motion for appointment of counsel (ECF No. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are

not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court declines to appoint counsel.

IT THEREFORE IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that ground 3 of the petition is **DISMISSED**.

IT FURTHER IS ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file a motion, then petitioner will have forty-five (45) days to file a response to the motion, and respondents will have twenty-one (21) days from the date of filing of the response to file a reply.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

///
///
///

1   IT FURTHER IS ORDERED that the motion for appointment of counsel (ECF No. 2) is
2 **DENIED**.
3   DATED: December 26, 2018

_____
GLORIA M. NAVARRO
Chief United States District Judge