**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCIA MOGAVERO,

        Petitioner,

    v.

STATE OF NEVADA, et al.,

        Respondents.

Case No. 2:18-cv-01395-GMN-NJK

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) and respondents' motion to dismiss (ECF No. 9). Petitioner has not responded, and the court construes a lack of response as a concession that the motion to dismiss is meritorious. LR 7-2(d). The court grants the motion and dismisses the action because the petition is untimely.

Pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), petitioner pleaded guilty to one count of abuse and/or neglect of an order or vulnerable person resulting in substantial bodily or mental harm or death, and one count of child abuse, neglect, or endangerment. Ex. 4 (ECF No. 10-4). The state district court entered its judgment of conviction on October 2, 2013. Ex. 10 (ECF No. 10-10). Petitioner did not appeal.

On September 22, 2014, in the state district court petitioner filed a motion to extend the time to file a post-conviction habeas corpus petition. Ex. 13 (ECF No. 10-13). The state district court denied the motion on January 5, 2015. Ex. 23 (ECF No. 10-23).

On February 12, 2015, in the state district court petitioner filed a document styled as a supplement to the already denied motion to extend time. Ex. 25 (ECF No. 10-25). The state district court denied the motion on May 4, 2015. Ex. 26 (ECF No. 10-26).

On April 20, 2018, in the state district court petitioner filed a motion for modification of sentence. Ex. 27 (ECF No. 10-27). The state district court denied the motion on June 12, 2018. Ex. 29 (ECF No. 10-29).

On July 24, 2018, petitioner mailed her federal habeas corpus petition (ECF No. 7) to this court. The court dismissed ground 3 because it clearly lacked merit. Reasonable jurists would not find that conclusion debatable or wrong, and the court will not issue a certificate of appealability on that ground. The motion to dismiss followed.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The petitioner effectively files a federal petition when she delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

The petition is untimely. Petitioner's judgment of conviction became final on November 1, 2013, when the time to appeal expired. Petitioner filed no post-conviction habeas corpus petition or other motion for collateral review in the state courts in the following year. The one-year period of 28 U.S.C. § 2244(d)(1)(A) expired on November 3, 2014, because the deadline otherwise was a Saturday. The federal petition (ECF No. 7), mailed on July 24, 2018, is more than three years late.

The motions that petitioner filed in the state district court do not change the court's calculations. The motion to extend time to file a post-conviction petition, and the supplement to that motion, themselves were not properly filed post-conviction petitions. They did not qualify for tolling under 28 U.S.C. § 2244(d)(2). The motion for sentence modification might have qualified for tolling, but petitioner filed it after the federal one-year period had expired, and it could not toll an already expired period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Even if the motions filed in the state district court did qualify for tolling under 28 U.S.C. § 2244(d)(2), the petition still would be untimely. Between the finality of petitioner's judgment of conviction on November 1, 2013, and the filing of the motion to extend time to file a post-conviction petition on September 22, 2014, three hundred twenty-five (325) days passed. Between the denial of that motion on January 5, 2015, and the filing of the supplemental motion on February 12, 2015, thirty-eight (38) days passed. That totals three hundred sixty-three (363) non-tolled days. The state district court denied the supplemental motion on May 4, 2015. The one-year period would have expired two days later, on May 6, 2015. As noted above, the motion for sentence modification had no effect because the one-year period already had expired. The federal habeas corpus petition, mailed on July 24, 2018, still would be more than three years late.

Respondents also argue that petitioner has not exhausted her state-court remedies for all the remaining grounds. The court does not address this argument because the court is dismissing the action as untimely.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

3

1         IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 9) is

2    **GRANTED**.  This action is **DISMISSED** with prejudice as untimely.  The clerk of the court

3    shall enter judgment accordingly and close this action.

4         IT FURTHER IS ORDERED that the court will not issue a certificate of appealability.

5    DATED:  April 11, 2019

6    _____

7    GLORIA M. NAVARRO
     Chief United States District Judge